IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAUNTE TREADWELL,** | Case No. 1:22-cv-01687-PAB |
| **Plaintiff,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **WARDEN, MANSFIELD CORRECTIONAL INSTITUTION,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter is before the Court upon Defendants Warden Tim McConahay's and Health Care Administrator Julie Hensley's (together, "Defendants") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) filed on February 28, 2023. (Doc. No. 13.) *Pro se* Plaintiff Daunte Treadwell did not file any opposition, or otherwise respond, to Defendants' Motion. For the reasons set forth herein, Defendants' Motion is GRANTED.

I. **Background**

A. **Factual Allegations**

Treadwell's *pro se* Complaint sets forth the following allegations. In September 2020, while Treadwell was incarcerated at the Mansfield Correctional Institution ("MCI"), corrections officers requested that Treadwell clean the block that he was housed in. (Doc. No. 4, PageID# 4.) While cleaning, Treadwell slipped and fell on the wet day room floor. (*Id.*) Treadwell alleges that there were no "wet floor" signs placed in the area with the wet floor. (*Id.*) Treadwell alleges that when he fell, he hit his face on the floor and broke three of his teeth. (*Id.*) He alleges that he was taken to the infirmary but received only ibuprofen and no other medical treatment. (*Id.*) Treadwell alleges that

he was left in this condition until he was released on October 20, 2020, even though he attempted to seek medical treatment through the grievance procedure. (*Id.*) Treadwell alleges that the warden knew about Treadwell's injuries through Treadwell's grievances and because the warden saw Treadwell's teeth in his hand after the slip-and-fall. (*Id.*)

### B. Procedural History

On August 31, 2022, Treadwell filed his case in the Southern District of Ohio. (Doc. No. 1.) On September 20, 2022, Magistrate Judge Karen Litkovitz determined that the Southern District of Ohio was not the proper venue for Treadwell's case since the events giving rise to Treadwell's lawsuit occurred in the Northern District of Ohio. (Doc. No. 2.) Accordingly, Magistrate Judge Litkovitz ordered Treadwell's case be transferred to the Northern District of Ohio, Eastern Division. (*Id.*) On September 20, 2022, Treadwell's Complaint was docketed in this Court. (*See* Doc. No. 4.)

Treadwell filed a *pro se* Complaint against two defendants, MCI "Warden John Doe" and MCI "Medical Director John and Jane Doe". (Doc. No. 4, PageID# 3.) Treadwell's Complaint can be construed to allege two claims: an Eighth Amendment claim for deliberate indifference to medical needs (despite "seek[ing] medical treatment through the grievance procedure," Treadwell received no treatment, "thus showing indifference to [his] medical needs"); and an Ohio law claim for negligence ("there were no wet floor signs up in the area where [he] slipped"). (*Id.* at PageID# 4.)

On February 16, 2023, Defendants Tim McConahay, MCI's warden, and Julie Hensley, MCI's health administrator, filed their Answer to Treadwell's Complaint. (Doc. No. 10.) On February 28, 2023, Defendants filed the instant Motion for Judgment on the Pleadings. (Doc. No. 13.) Treadwell did not file any opposition, or otherwise respond, to Defendants' Motion. Thus, Defendants' Motion is now ripe for a decision.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

The same standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim applies to a Rule 12(c) motion for judgment on the pleadings. *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555-56). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Nonetheless, while "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

**III.     Analysis**

As an initial matter, by not opposing Defendants' arguments in their Motion for Judgment on the Pleadings, Treadwell has waived any opposition thereto. *See, e.g., Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived). *See also Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 Fed. App'x 567 (6th Cir. 2013) (concluding plaintiff waived claim by failing to respond to or refute arguments made by the defendants in district court); *Selou v. Integrity Solution Services, Inc.*, 2016 WL 612756 at * 3 (E.D. Mich. Feb. 16, 2016) ("Plaintiff's failure to address any claim but her TCPA claim in response to LiveVox's motion to dismiss is cause for dismissing those claims."); *Ullmo v. Ohio Turnpike*, 126 F.Supp.3d 910, 919 (N.D. Ohio 2015) (finding that plaintiff abandoned

claim where he failed to respond to defendant's motion to dismiss). Thus, Treadwell's failure to oppose Defendants' arguments constitutes sufficient cause to grant Defendants' Motion for Judgment on the Pleadings. Nonetheless, the Court will address the substance of Defendants' arguments below.

### A. Treadwell's Deliberate Indifference to Serious Medical Needs Claim

Treadwell alleges that Defendants were deliberately indifferent to his serious medical needs after he broke several teeth in a slip-and-fall accident while incarcerated at MCI.[1] (Doc. No. 4, PageID# 4.)

Defendants argue that Treadwell's deliberate indifference claim fails for multiple reasons. First, Defendants argue that Treadwell fails to identify any specific action by either McConahay or Hensley sufficient to sustain a claim for liability under 42 U.S.C. § 1983. (Doc. No. 13, PageID# 68.) Second, Defendants argue that Treadwell's Complaint does not contain sufficient facts to show that Defendants' action or inaction satisfies either the objective or subjective prongs to state a claim for medical deliberate indifference under the Eighth Amendment. (*Id.* at PageID# 69.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). For liability to attach under a

---

[1] The Court notes that Treadwell does not specify whether he brings these claims against Defendants in their official or personal capacities, or both. Defendants do not directly address this issue, except at the end of their Motion, in which they indicate that, "[t]o the extent that Plaintiff is suing the individual Defendants in their individual capacities" for violations of Ohio law, such claims fail under Ohio Rev. C. § 9.86. (Doc. No. 13, PageID# 71.) Thus, Defendants appear to construe Treadwell's claims to be against Defendants in their personal capacities only. If Treadwell *did* assert his claims against Defendants in their official capacities, such claims would be construed as claims against the state entities Defendants represent. *See Coleman v. Legmah*, No. 21-cv-3936, 2022 WL 4448983, at *3 (S.D. Ohio Sept. 23, 2022) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). The Eleventh Amendment "is an absolute bar to the imposition of liability upon a state, its agencies, and its employees sued in their official capacities." *Miles v. Richland Correctional Inst.*, No. 1:14-cv-1648, 2015 WL 366898, at *3 (N.D. Ohio Jan. 27, 2015) (citing *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005)). Moreover, MCI "is a prison facility owned and operated by the [Ohio Department of Rehabilitation and Corrections] and is not a legal entity capable of being sued." *Id.* Therefore, even if Treadwell sought to bring his claims against Defendants in their official capacities, such claims are barred by the Eleventh Amendment and would necessarily fail.

personal capacity § 1983 claim, a plaintiff must ultimately prove that a government official "did more than play a passive role" in an alleged constitutional violation (*i.e.*, by offering "tacit approval of the events"). *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). At a minimum, he must show that the defendant actively "encouraged or condoned [the] alleged constitutional violations." *Id.* at 207.

Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Treadwell alleges that Defendants were deliberately indifferent to his serious medical need. (Doc. No. 4, PageID# 4.) Such a claim arises under the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment proscribes punishment that is incompatible with "'the evolving standards of decency that mark the progress of a maturing society'" and, under that standard, obligates the government to provide medical care for incarcerated prisoners. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). The government runs afoul of the Eighth Amendment with respect to inmate medical care when it is deliberately indifferent to a prisoner's serious medical needs. *Id.* at 105-06.

To state a deliberate indifference claim, a plaintiff must establish two prongs consisting of an objective component and a subjective component, both of which must be satisfied. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id.* That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id.* (citation omitted).

The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id.* To satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "To satisfy the subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'" *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (quoting *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)); *Cobbs v. Pramstaller*, 475 F. App'x 575, 580 (6th Cir. 2012) (to establish subjective culpability, a plaintiff must plausibly allege that the defendants' conduct constituted a "deliberateness tantamount to an intent to punish.") (quoting *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993) (further citation omitted)). The subjective component of an Eighth Amendment deliberate indifference claim "'is meant to prevent the constitutionalization of medical malpractice claims.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

1. **Defendant Hensley**

The Court concludes that Treadwell's deliberate indifference claim against Hensley fails as a matter of law because Treadwell makes no specific factual allegations against her. (*See* Doc. No. 4, PageID# 4.) "Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints." *Davis v. Mich. Dep't of Corr. Bureau of Health Care Servs.*, No. 2:13-cv-253, 2013 WL 4829977, at *4 (W.D. Mich. Sept. 10, 2013) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002)). Treadwell only generally alleges that the "medical staff and the warden" knew about Treadwell's

injuries due to his "grievances and physically seeing [Treadwell's] teeth in [his] hand at the time of the slip-and-fall," and that the "medical staff" let Treadwell "go through pain and suffering" during the remainder of his time at MCI. (Doc. No. 4, PageID# 4.) Treadwell fails to mention Hensley, MCI's healthcare administrator, anywhere in the body of his Complaint. Moreover, prison officials cannot be held liable under § 1983 merely because "someone [s]he supervises has committed a constitutional violation, as there is no *respondeat superior* liability under § 1983." *Bowers v. Livingston County*, No. 08-CV-14134, 2009 WL 10679417, at *3 (E.D. Mich. Dec. 11, 2009) (citing *Spencer v. Bouchard*, 449 F.3d 721, 730-31 (6th Cir. 2006)); *see also, e.g., Mason v. Eddy*, No.: 1:18-CV-2968, 2019 WL 3766804, at *6-7 (N.D. Ohio Aug. 9, 2019) (dismissing deliberate indifference to medical need claim against prison health care administrator). Accordingly, the Court concludes that Treadwell's deliberate indifference claim as to Defendant Hensley fails as a matter of law.

### 2. Defendant McConahay

Treadwell's deliberate indifference claim as to Defendant McConahay also fails as a matter of law. Treadwell's only allegation about Defendant McConahay was that the "medical staff and the warden knew through grievances and physically seeing [Treadwell's] teeth in [his] hand at the time of the slip-and-fall" that Treadwell required medical treatment. (Doc. No. 4, PageID# 4.) Treadwell does not make any specific factual allegations about McConahay's conduct, beyond the factual allegation that McConahay was aware of Treadwell's grievances and his slip-and-fall accident. As discussed *supra*, when an individual is named as a defendant without allegations of specific conduct, the complaint is subject to dismissal. *See Davis*, 2013 WL 4829977, at *4. Moreover, Treadwell must allege that a government official "did more than play a passive role in an alleged constitutional violation," and at a minimum, show that the defendant actively "encouraged or condoned [the] alleged

constitutional violations." *Salehpour*, 159 F.3d at 206; *see also, e.g., Coleman v. Legmah*, No. 21-cv-3936, 2022 WL 4448983, at *4 (S.D. Ohio Sept. 23, 2022). At most, Treadwell only alleges that McConahay was aware of Treadwell's injuries. But "this attempt to attach 'supervisory liability' is ill-fated." *Coleman*, 2022 WL 4448983, at *4 (quoting *Salehpour*, 159 F.3d 199 at 206).

Even if Treadwell had sufficiently alleged that McConahay played more than a passive role in Treadwell's alleged constitutional violation, Treadwell's claim nevertheless fails because he has not pleaded sufficient facts to satisfy the subjective prong of a medical deliberate indifference case. Assuming without deciding that Treadwell's allegation that he broke three teeth in a slip-and-fall accident satisfies the objective component requirement, Treadwell still does not allege any facts that suggest McConahay knew of a substantial risk to Treadwell's health but recklessly disregarded the risk by failing to take reasonable measures. *Broyles*, 478 Fed. App'x at 975. Though Treadwell alleges that McConahay was aware of Treadwell's fall, as well as his subsequent grievances, the Sixth Circuit has held that prison officials "whose only role involves the 'denial of administrative grievances and their failure to remedy the alleged . . . behavior' cannot be liable under § 1983." *Mason*, 2019 WL 3766804, at *6 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Moreover, though Treadwell alleges that McConahay saw Treadwell's teeth in his hand, Treadwell also alleges that he, Treadwell, was taken to the infirmary for treatment after the fall. (Doc. No. 4, PageID# 4.) Treadwell does not allege that McConahay had personal knowledge of, and recklessly disregarded, any continuing injury once Treadwell was taken to the infirmary for treatment. (*Id.*) Thus, Treadwell fails to plausibly allege any facts that would satisfy the subjective prong of a deliberate indifference to a medical need case. Accordingly, Treadwell's § 1983 claim against McConahay for deliberate indifference to a medical need is dismissed.

### B. Negligence

Treadwell's Complaint also appears to assert a state-law claim for negligence. Specifically, Treadwell alleges that "there were no wet floor signs up in the area where [he] slipped and fell." (Doc. No. 4, PageID# 4.)

Defendants do not set forth what they interpret to be the precise nature of Treadwell's state-law negligence claim but assert that the Court "lacks subject-matter jurisdiction over Plaintiff's state law claims of negligence and it [*sic*] should be dismissed." (Doc. No. 13, PageID# 72.)

Under Ohio law, "state employees are immune from state claims . . . until the Ohio Court of Claims determines otherwise." *Troche v. Morgan*, 2013 WL 4499462, at *4 (S.D. Ohio Aug. 21, 2013) (citing Ohio Rev. Code § 2743.02)). As the Sixth Circuit has explained:

> Ohio has not consented to state law actions against the State of Ohio and state officials outside of its own courts. *See Jones v. Hamilton Cty. Sheriff*, 838 F.3d 782, 786 (6th Cir. 2016). Ohio Rev. Code § 9.86 provides that no "employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the . . . employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Revised Code § 2743.02(F), in turn, establishes that lawsuits alleging damages against state employees "shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86." Thus, "**Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86**." *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012).

*In re Ohio Execution Protocol Litig.*, 709 F. App'x 779, 784 (6th Cir. 2017) (emphasis added).

Here, Treadwell has not alleged that the Ohio Court of Claims has determined that any of Defendants have subsequently waived their immunity from suit. To the extent that Treadwell alleges a claim of negligence under Ohio law, the Court lacks jurisdiction to hear such a state law claim.

10

**IV.     Conclusion**

Accordingly, and for all the reasons set forth above, Defendants' Motion for Judgment on the Pleadings (Doc. No. 13) is GRANTED. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: May 10, 2023                                             *s/Pamela A. Barker*
                                                                                 PAMELA A. BARKER
                                                                                 U.S. DISTRICT JUDGE